CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Harrisonburg
DEC 18 2009
JOHN F. CORCORAN, CLERK
BY:
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ARTHUR COHEN, et al.,<br>　　Plaintiffs, | Civil Action No. 5:09cv00069 |
| v. | MEMORANDUM OPINION |
| TWI FRANCHISING, INC.<br>　　Defendant. | By: Samuel G. Wilson<br>United States District Judge |

This is an action by plaintiffs, Arthur and Joshua Cohen, for actual and constructive fraud and breach of contract against defendant, TWI Franchising, Inc. ("TWI"), a tanning salon franchisor. The Cohens (Virginia citizens) originally brought suit in the Circuit Court of Frederick County, Virginia, naming TWI (an Iowa corporation with its principal place of business in Nebraska), Bob Bernotas (a citizen of Nebraska), and John Stautzenbach (a citizen of Virginia) as defendants. The Circuit Court sustained Bernotas' and Stautzenbach's demurrer and dismissed them from the suit. Maintaining that there is more than $75,000 in controversy, and that the dismissal of Stautzenbach resulted in complete diversity of citizenship pursuant to 28 U.S.C. § 1332, TWI then removed the suit to this court pursuant to 28 U.S.C. § 1446(b). This matter is currently before the court on the Cohens' motion to amend their complaint to bring Bernotas and Stautzenbach back into the suit and to then remand for lack of complete diversity. TWI opposes the amendment on various grounds, including the ground that the amendment would destroy complete diversity. The court has *sua sponte* determined that it lacks diversity jurisdiction even without the amendment because a federal court cannot exercise jurisdiction over a case that becomes removable due to the involuntary dismissal of a nondiverse defendant. Accordingly, the court directs TWI to show cause why the court should not remand the case to

the Circuit Court of Frederick County, Virginia.

**I.**

In the spring of 2009, the Cohens filed suit against Bernotas, Stautzenbach, and TWI in the Circuit Court of Frederick County for fraudulent inducement and breach of contract. Bernotas and Stautzenbach demurred to the Cohens' complaint on the ground that under Virginia law they could not be held liable as agents of a disclosed principal. On August 25, 2009, the Circuit Court sustained the demurrer and dismissed them from the suit.[1] TWI, believing that the case had become removable, removed the case to this court on September 1, 2009. The Cohens quickly moved to stay this action to permit the Circuit Court to reconsider its dismissal order. Following a hearing, this court denied the Cohens' motion to stay and, instead, directed them to file a motion to amend, together with the complaint they proposed to file. The Cohens filed a proposed amended complaint, which differs from the original complaint in only minor respects.

**II.**

When subject matter jurisdictional defects appear, federal courts, which are courts of limited jurisdiction, are obligated to raise them *sua sponte*. The court does so here, and directs TWI to show cause why the court should not remand the case to the Circuit Court.

There is a long-standing "involuntary-dismissal" rule, which the Fourth Circuit has acknowledged, Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988), that prohibits a federal court from exercising diversity jurisdiction over a case that has been

---

[1] The Cohens contend that the circuit court wrongly granted the demurrer, but this court need not question the state court's ruling.

2

removed because of the involuntary dismissal of all nondiverse defendants.[2] See American Car & Foundry Co. v. Kettelhake, 236 U.S. 311, 316-17 (1915) ("[w]e cannot agree . . . [that] when the [state] court had sustained the demurrers to the evidence as to [the non-diverse defendants] . . ., the case was so far terminated as between the plaintiff and the resident defendants as to leave a removable controversy wholly between the plaintiff and a non-resident corporation") (citations omitted); Weems v. Louis Dreyfus Corp., 380 F.2d 546, 546 (5th Cir. 1967) (stating "that if the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable, but if the dismissal was the result of either the defendant's or the court's acting against the wish of the plaintiff, the case could not be removed"); Phillips v. BJ's Wholesale Club, Inc., 591 F. Supp. 2d 822, 824 (E.D. Va. 2008) ("A federal court cannot exercise diversity jurisdiction over a case that becomes removable because of the involuntary dismissal of all nondiverse defendants, as opposed to some voluntary action by the plaintiff.").[3]

---

[2] In 1949, Congress amended 28 U.S.C. § 1446. The amendment, which is codified, in part, as 28 U.S.C. § 1446(b) reads:
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b) (2009). According to the Seventh Circuit, "[e]very court of appeals that has addressed the voluntary/involuntary rule has held that it survived the enactment of section 1446(b)." Poulos v. Naas Foods, Inc., 959 F.2d 69 (7th Cir. 1992). See also Phillips, 591 F. Supp. 2d at 825 (citing Poulos, 959 F.2d at 72; In re Iowa Mfg. Co., 747 F.2d 462 (8th Cir. 1984); DeBry v. Transamerica Corp., 601 F.2d 480 (10th Cir. 1979); Weems, 380 F.2d at 545. Accordingly, the courts continue to apply that rule. See Higgins, 863 F.2d at 1162; Quinn v. Aetna Life & Casualty Co., 616 F.2d 38 (2d Cir. 1980); Self v. Gen. Motors Corp., 588 F.2d 655 (9th Cir. 1978).

[3] The court notes that the fraudulent joinder doctrine, when applicable, creates an exception to the involuntary-dismissal rule, "effectively permit[ing] a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Mayes v.

Here, application of the involuntary-dismissal rule would appear to preclude this court from exercising diversity jurisdiction, and require it to remand the case to the Circuit Court.[4] As originally filed in the Circuit Court, the case was not removable because the plaintiffs and one of the named defendants (Stautzenbach) were citizens of Virginia. TWI removed the case when the Circuit Court sustained Bernotas' and Stautzenbach's demurrer and entered an order dismissing

---

Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (citing Cobb v. Delta Exports, Inc., 186 F.3d 675, 677-78 (5th Cir. 1999)). The doctrine applies when the defendant satisfies the doctrine's strict test by proving that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court [or that] there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Phillips, 591 F. Supp. 2d at 826 (citing Beaudoin v. Sites, 886 F. Supp. 1300, 1301 (E.D. Va. 1995) (emphasis in original) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)); see also Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). But, in the words of the Fourth Circuit, a mere "glimmer of hope" for relief is adequate to defeat removal based on fraudulent joinder. Hartley, 187 F.3d at 426.

The fraudulent joinder exception does not appear to apply here because TWI cannot demonstrate that there is no possibility that the Cohens would be able to establish a cause of action against Bernotas and Stautzenbach or that the pleading of jurisdictional facts is fraudulent.

[4] As the District Court for the Eastern District of Virginia has recognized, the Second Circuit has created an exception to the involuntary-dismissal rule where "the time to appeal the state court order dismissing all non-diverse defendants has expired." Phillips, 591 F. Supp. 2d at 825 (citing Quinn, 616 F.2d at 40 n. 2). The Ninth Circuit, however, has expressly rejected that exception, see Self, 588 F.2d at 658, and the Fourth Circuit has not decided this issue. In the absence of direction from the Supreme Court or the Fourth Circuit, this court would not adopt the exception because it injects an unacceptable level of uncertainty as to when and whether an action is removable. But even under the Second Circuit's exception, it would appear that the Cohens' time to appeal the demurrer has not elapsed because, as the District Court for the Eastern District has noted, in Virginia "a judgment is not final for purposes of appeal if it is rendered with regard to some but not all of the parties involved in the case." Phillips, 591 F. Supp. 2d at 825 (citing Wells v. Whitaker, 207 Va. 616, 628 (1966); see also Leggett v. Caudill, 247 Va. 130, 133 (1944) (order not final if court has "something further to be done" to resolve a cause of action)). Therefore, when the Circuit Court sustained Bernotas' and Stautzenbach's demurrer, it would appear that the judgment was not final for purposes of appeal because the claims against TWI remained unresolved. Accordingly, it would appear that even under the Second Circuit's exception to the involuntary dismissal rule, this court would be required to remand this case.

4

them from the suit. Accordingly, the court directs TWI to show cause why the court should not remand the case to the Circuit Court.

### III.

For the reasons stated herein, the court directs TWI to show cause why the court should not remand the case to the Circuit Court of Frederick County, Virginia.

**ENTER:** This 18th day of December 2009.

_____
UNITED STATES DISTRICT JUDGE